**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DOUGLAS WELLES,**

    Petitioner,

v.                                                Case No.  4:06cv158/MP/MD

**JAMES R. MCDONOUGH,**

    Respondent.
_____

**REPORT AND RECOMMENDATION**

    Before the court is an amended petition for writ of habeas corpus filed pursuant to Title 28 U.S.C. § 2254 (doc. 10).  Respondent has filed a response (doc. 14).  Petitioner has not filed a reply in spite of having been invited to do so in July 2006 (doc. 11).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that petitioner is not entitled to relief, and that the petition is without merit and should be denied.

## BACKGROUND AND PROCEDURAL HISTORY[1]

Petitioner here is serving sentences for solicitation to commit kidnapping to inflict bodily harm or to terrorize, and solicitation to commit first degree murder. In 1999 petitioner was in a Florida prison while appealing a conviction of lewd assault on his girlfriend's then minor daughter. The evidence at trial showed that while there he met Mr. Robinson, another inmate, who "knew some things" and "could get something done." (Doc. 14, ex. C, p. 82).[2] The two of them reached an agreement that Robinson would be paid a total of $10,000 if he would kidnap and kill the child when he was released from prison, which was to be in a matter of days (ex. C, p. 84). But the plan went awry when Robinson was not released to freedom. Rather, he was sent to Kentucky to serve a sentence in that state.

During a routine inspection of Robinson's possessions, corrections officers in Kentucky found documents that seemed to indicate a crime was being planned (ex. C, p. 37). The documents identified a child, described in detail where she lived, where she went to school, what her general schedule was, and what her mother's schedule was, and included detailed maps of her school and residence (ex. B, pp. 97-100). Kentucky officials contacted law enforcement in the county where the lewd assault took place and where the child lived (ex. C, p. 38). Law enforcement there started an investigation which led to petitioner. Petitioner's fingerprints were on the papers found in Robinson's possession (ex. C, p. 55). Ultimately Robinson agreed to cooperate, and wrote a letter to petitioner concerning the "job." (Ex. B, p. 110; B; ex. C, p. 57). Petitioner responded, saying he still wanted the "job" done, but that he had no money, and wanted Robinson to do it on credit (ex. B, pp. 113-114).

---

[1] The facts stated herein are those presented at trial and viewed in the light most favorable to the prosecution. Due process requires a state to prove each element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Where there are conflicting inferences and disputes exist, this Court must presume that the jury resolved such conflicts in favor of the prosecution, and must defer to that resolution. *Martin v. State of Alabama*, 730 F.2d 721, 724 (11th Cir. 1984). Although this court is not called on to address directly the sufficiency of the evidence, the evidence presented to the jury plays a major part in the court's analysis.

[2] Hereafter all references to exhibits will be to doc. 14 unless otherwise noted.

Based on these and other discovered facts, petitioner was charged by information in the Circuit Court of Liberty County, Florida, and a jury found him guilty of both counts (ex. B, pp. 37-38). He was sentenced to twenty years for solicitation to murder and fifteen years for solicitation to kidnap, concurrent. The appeal of his conviction and sentences was unsuccessful, and he filed a motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850 (doc. 10, app. 1).[3] The Rule 3.850 court denied relief without a hearing (app. 2). Petitioner's appeal of the order denying relief was unsuccessful, and he now seeks federal habeas relief. Respondent concedes that the instant petition is timely (doc. 14, p. 4).

## STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States. As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19. In relevant part, section 2254(d) now provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the

---

[3] Hereafter all references to an appendix will be to doc. 10 (the amended petition) unless otherwise noted. Petitioner supplied copies of the Rule 3.850 proceedings to his petition, so the respondent did not duplicate when he filed his exhibits.

**evidence presented in the State court proceeding.**

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The appropriate test was described by Justice O'Connor as follows:

> **In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.**

120 S.Ct. at 1523 (O'Connor, J., concurring). Under the test just described a habeas court does not examine the State court's ruling to see if it is correct, but examines it only to see if it is reasonable. More recently, in *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), the Supreme Court instructed that, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Id.*, 123 S.Ct. 1172. The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case." *Neelley v. Nagle*, 138 F.3d 917, 923 (11th Cir. 1998).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" *Lockyer,* 123 S.Ct. at 1173 (quoting *Williams v. Taylor*, 529 U.S. at 405-06, 120 S.Ct. at 1519-20). The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases--indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 365, 154 L.Ed.2d 263 (2002) (quoting *Williams*, 529 U.S. at 405-06). If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim.

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams,* 529 U.S. at 409, 120 S.Ct. at 1521. Whether a State court's decision was an unreasonable application of legal principle must be assessed in light of the record the court had before it. *Holland v. Jackson*, 542 U.S. 649, 652, 124 S.Ct. 2736, 2737-38, 159 L.Ed.2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697, n. 4, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). An objectively unreasonable application of federal law occurs when the State court "identifies the correct legal rule from Supreme Court

case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001); *see also Carr v. Schofield*, 364 F.3d 1246, 1250 (11th Cir. 2004) (A state court decision involves an unreasonable application of clearly established Federal law if the State court decision "identifies the correct governing Supreme Court legal principle . . . but . . . 'refuses to extend the governing principle to a context in which the principle should have controlled.'" (quoting *Ramdass v. Angelone*, 530 U.S. 156, 166, 120 S.Ct. 2113, 2120, 147 L.Ed.2d 125 (2000))).

Section 2254(d)(1) requires more than mere error, and more even than clear error on the part of the State court before federal habeas relief may be issued. *E.g., Mitchell v. Esparza*, 540 U.S. 12, 124 S.Ct. 7, 12, 157 L.Ed.2d 263 (2003) ("We may not grant respondent's habeas petition, however, if the state court simply erred. . . ."); *Lockyer, supra*, 538 U.S. at 75, 123 S.Ct. at 1175 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); *Early v. Packer*, 537 U.S. at 11, 123 S.Ct. at 366 (State court "decisions which are not 'contrary to' clearly established Supreme Court law can be subjected to habeas relief only if they are not merely erroneous, but 'an unreasonable application' of clearly established federal law. . . ."); *Williams, supra*, 529 U.S. at 410-12, 120 S.Ct. at 1522-23 (The State court's incorrect or erroneous application of clearly established law will be held to be reasonable and not warrant a writ so long as the State court adjudication results in a "satisfactory conclusion.").

Only if the federal habeas court finds the State court decision to be contrary to, or an unreasonable application of, clearly established Supreme Court law does it take the final step of conducting an independent review of the merits of the petitioner's claims. *Neelley*, 138 F.3d 917. Even so, the writ still will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 1041, 154 L.Ed.2d 931 (2003) (dictum).

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Crawford v. Head*, 311 F.3d 1288 (11th Cir. 2002) (explaining that the new statute provides for a "highly deferential standard of review" for factual determinations made by a state court); *Jackson*, 112 F.3d at 824-25 (noting that the new statute places a heavier burden on petitioner to overcome the presumption of factual correctness).

**PETITIONER'S GROUNDS FOR RELIEF**

1. <u>Sentence exceeded the guidelines maximum.</u>

Petitioner's first claim relates to his twenty year sentence for solicitation to murder, which is less than the thirty year maximum allowed by law for that crime. Fla. Stat. §§ 777.04(2)(b), 782.04(1). He bases his claim on the so-called *Apprendi*[4] line of cases decided by the Supreme Court in recent years concerning sentencing guidelines.

Respondent argues that this claim is procedurally defaulted because no

---

[4] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000).

*Apprendi* objection was made at the time of sentencing. It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[5] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. *Duncan, supra*, 513 U.S. at 365-66; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Picard*, 404 U.S. at 277-78.

An issue that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, *i.e.*, procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S.Ct. at 1734; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999). To overcome a procedural default, the petitioner must show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim. *Tower*, 7 F.3d at 210; *Parker*, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability

---

[5] Section 2254 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i) there is an absence of available State corrective process; or

        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)). Lack of counsel or ignorance of available procedures is not enough to establish cause. *Tower v. Phillips, supra.* To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 85, 130 L.Ed.2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*

In Florida, an *Apprendi* objection must be entered either at sentencing, or by the filing of a motion to correct sentence pursuant to Fla.R.Crim.P. 3.800. If the issue is raised in a 3.800 motion, it must be filed before the first brief on direct appeal is filed. *Mack v. State*, 995 So.2d 51 (Fla. 1st DCA 2007); Fla. R. Crim. P. 3.800(b)(2). Neither was done in this case. The claim is therefore procedurally defaulted. Petitioner has not made the requisite showing to excuse his default so this court should not consider the issue.

If the court were to consider it, the claim would fail. Petitioner's claim that he suffered an *Apprendi* violation is factually incorrect. In *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000) the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362-63. *See*

*also Ring v. Arizona*, 536 U.S. 584, 589, 122 S.Ct. 2428, 2432, 153 L.Ed.2d 556 (2002) (concluding under *Apprendi* that "[c]apital defendants . . . are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment."). Since *Apprendi* was decided, the Supreme Court has decided two cases that relate to federal sentencing, *Blakely v. Washington*,[6] and *United States v. Booker.*[7]

> As clarified in *Blakely*:
>
> the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. See Ring, supra*, 536 U.S. at 602, 122 S.Ct. at 2428 ("'the maximum he would receive if punished according to the facts reflected in the jury verdict alone'" (*quoting Apprendi, supra*, 503 U.S. at 483, 120 S.Ct. at 2348)) . . . . In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

124 S.Ct. at 2537-38 (emphasis in original, some citations omitted); *see also In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004) (quoting *Blakely*). In *Booker* the Supreme Court extended its holding in *Blakely* to the United States Sentencing Guidelines, holding that the mandatory nature of the federal guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial.

The facts and law applicable to surrounding petitioner's sentence do not fit the facts and law in *Apprendi* and its progeny. Whatever else those cases held, they did not hold that a sentence is subject to attack if the sentencing judge is *not* bound by sentencing guidelines and is *not* required to make findings beyond what the jury found. In 1998, Florida abandoned its previous sentencing guidelines law, and enacted in its place a Criminal Punishment Code ("Code"). Fla. Stat. § 921.002-921.0025(1999). The Code replaced the structure of the old guidelines, which

---

[6] *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

[7] *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

allowed sentence guideline departures based on judicial findings, very much like the guidelines struck down in *Blakely* and *Booker*. Instead, the Code provides for the creation of a sentencing score which operates as the minimum or base sentence. Upward departures, where the court was required to make factual findings to justify increased sentences, were abolished. Instead, the Code now authorizes the trial court to impose *any* sentence up to an including the statutory maximum sentence without making any additional findings. Fla. Stat. § 924.0024(2) (2000). This is the Code under which petitioner was sentenced. In other words, under the Code, the jury's determination of guilt authorized the court to impose a sentence that is equal to or greater than the sentence indicated by the sentencing score (in this case 128 months), up to and including the statutory maximum for the crime, *without making any factual findings*. That is what happened in this case. This is very different from *Apprendi/Blakely/Booker*. In fact, it closely approximates the ultimate result of *Booker*, which allowed the United States Sentencing Guidelines to stand, but made the guideline a recommendation only. That is what the Florida Code does. Therefore, petitioner suffered no constitutional deprivation when he was sentenced within Florida's statutory maximum. He is not entitled to federal habeas relief, and the writ should not issue.

2. <u>**Ineffective assistance of counsel - appellate counsel failed to preserve an *Apprendi* objection.**</u>

Petitioner next contends that he was denied his constitutional right to the effective assistance of counsel because his attorney failed to preserve the *Apprendi* sentencing issue by failing to raise it on direct appeal. Supreme Court precedent on ineffective assistance of counsel is well settled. In order to prevail upon such a claim, the petitioner must prove that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052,

80 L.Ed.2d 674 (1984).

"The purpose of ineffectiveness review is not to grade counsel's performance." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (citing *Strickland*). In evaluating counsel's performance, reviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable, professional assistance. *Chandler* at 1314. "Therefore, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir.), *cert. denied*, 513 U.S. 899, 115 S.Ct. 255, 130 L.Ed.2d 175 (1994). In evaluating the reasonableness of counsel's actions, a court must make "every effort . . . to eliminate the distorting effects of hindsight" and must evaluate the reasonableness of counsel's performance "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. As the Eleventh Circuit has emphasized:

> We must avoid second-guessing counsel's performance: "[I]t does not follow that any counsel who takes an approach we would not have chosen is guilty of rendering ineffective assistance." *Waters* [*v. Thomas*, 46 F.3d 1506], 1522 (en banc). Nor does the fact that a particular defense ultimately proved to be unsuccessful demonstrate ineffectiveness.

*Chandler* at 1314 (footnote omitted). Moreover, an ambiguous or silent record is not sufficient to disprove the strong and continuing presumption of effective representation. Where the record is incomplete or unclear about counsel's actions, it will be presumed that he did what he should have done, and that he exercised reasonable professional judgment. *Chandler* at 1314 n.15.

In order to meet the prejudice prong of the *Strickland* standard, petitioner must allege more than simply that the unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." 466 U.S. at 693, 104 S.Ct. at 2067. Instead, the petitioner must show a reasonable probability exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, at 694, 104 S.Ct. at 2068. Without support in the record, bare

allegations that the petitioner was prejudiced by counsel's performance are not sufficient. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). In applying *Strickland* the court may dispose of an ineffective assistance claim if petitioner fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069.

Finally, when a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact. *Strickland*, 466 U.S. at 698, 104 S.Ct. at 2070; *Collier v. Turpin*, 177 F.3d 1184, 1197 (11th Cir. 1999).

Petitioner raised this claim in his motion for post-conviction relief and the Rule 3.850 court rejected it, holding that petitioner's position was legally incorrect: that he was not sentenced above the statutory maximum; that the court did not make factual findings in order to impose the sentence it did; and that counsel could not be found deficient for failing to raise a non-existent issue (app. 2, p. 2-3). Petitioner has not shown how the Rule 3.850 court's decision was incorrect. The basis for this claim is *Apprendi*, but as shown above, *the Apprendi/Blakely/Booker* cases are inapplicable to this case. Therefore, there was nothing to which counsel could have objected. Counsel's performance was not ineffective, and petitioner cannot show prejudice. Therefore, the state court's ruling did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d) (1); *Williams, supra*. Petitioner is not entitled to federal habeas relief, and the writ should not issue.

    3.   <u>Unconstitutional Sentencing Code.</u>

Next petitioner argues that Florida's sentencing code is unconstitutional because it allows the judge to sentence above the scoresheet. He presented this claim to the state court in his motion for post-conviction relief. The Rule 3.850 court rejected it, holding that petitioner had made only conclusory allegations of

unconstitutionality, but presented no law to support his claim. For the same reasons set out in Grounds One and Two above, the Code is not unconstitutional. The jury found petitioner guilty of the crimes charged. The scoresheet set a minimum, not a maximum, sentence. The statutory maximum was thirty years on the first count, and the sentencing court did not make any factual findings in imposing a twenty year sentence. Therefore, the state court's ruling did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d) (1); *Williams, supra*. Petitioner is not entitled to federal habeas relief, and the writ should not issue.

   4. **The new rule announced in *Apprendi/Blakely/Booker* must be applied retroactively.**

Petitioner next says that *Apprendi* should be applied retroactively. He at least obliquely presented this claim to the state court in his motion for post-conviction relief. The Rule 3.850 court rejected it, holding that petitioner had made only conclusory allegations, but presented no law to support his claim. For the same reasons set out in Grounds One, Two and Three above, there was no new rule to apply retroactively, since the *Apprendi* line of cases do not apply to petitioner's sentence. Therefore, the state court's ruling did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d) (1); *Williams, supra*. Petitioner is not entitled to federal habeas relief, and the writ should not issue.

   5. **Ineffective assistance of counsel - cumulative errors.**

In his motion for post-conviction relief petitioner alleged that his attorney was deficient in failing to challenge the state's key witness, Robinson. The Rule 3.850 court rejected the claim, holding that counsel thoroughly cross-examined Robinson and challenged his testimony and credibility in closing argument.

The respondent correctly points out that petitioner now makes a broad attack on his counsel's "cumulative" performance, but the only claim he presented to the

state court for resolution was counsel's alleged failure to attack Robinson. Any other claim is therefore procedurally defaulted. Petitioner has not made the requisite showings to excuse his default, and this court is procedurally barred from considering any alleged "cumulative" errors by counsel. If the court were to consider them, the court would find that there were no cumulative errors, because there were no constitutional errors at all.

As to counsel's failure to attack Robinson, petitioner is factually incorrect. Petitioner says that counsel failed to argue that Robinson was coerced into testifying when the police threatened him with a life sentence. However, on cross-examination Robinson admitted that he was scheduled to be released from prison in forty-five days, and that the police had threatened to charge him with the same crimes charged against petitioner (which were not life felonies) (ex. C, p. 99). Robinson also admitted that he had been convicted of nine felonies (ex. C, p. p. 78), and counsel made much of Robinson's character and reasons for testifying in his closing argument (ex. C, pp. 126-129, 149-155). As the Rule 3.850 court held, counsel did all he could with what he had in cross-examining and challenging Robinson (ex. C, pp. 95-100, 126-129, 149-150). Perhaps counsel could have done something different, perhaps not. That is not the *Strickland* standard. Petitioner cannot show that *no other* attorney would have approached this case as counsel here did. Therefore, the state court's ruling did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d) (1); *Williams, supra*. Petitioner is not entitled to federal habeas relief, and the writ should not issue.

6.  **Weight of evidence insufficient.**

Finally, petitioner contends that the weight of the evidence was insufficient to support his convictions because the evidence was entirely circumstantial and was based on the testimony of a nine-time convicted felon, a short-timer who desperately wanted to get out of prison. This claim was not presented to the state court for

resolution (app. 1) and is therefore procedurally defaulted.  Petitioner has not made the requisite showings to excuse his default, and this court is procedurally barred from considering the claim.

If the court were to consider the claim it would be found meritless.  Due process requires that the state present sufficient evidence to the trier of fact to prove each element of the offense beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. at 316, 99 S. Ct. at 2787.  The due process issue is "whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319, 99 S. Ct. at 2789; *Schlup*, 513 U.S. at 330, 115 S.Ct. at 868 ("The *Jackson* standard, which focuses on whether any rational juror could have convicted, looks to whether there is sufficient evidence which, if credited, could support the conviction."); *Fallada v. Dugger*, 819 F.2d 1564, 1570 (11th Cir. 1987).

As an issue of federal law, petitioner's insufficient evidence claim derives from the Fourteenth Amendment due process requirement that the evidence presented at trial be sufficient to convict, *i.e.* the State must prove beyond a reasonable doubt every fact that constitutes an essential element of the crime charged against the defendant.  *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970).  When reviewing a claim of insufficient evidence in federal habeas corpus, the proper inquiry is not whether the reviewing court itself believes that the evidence established guilt beyond a reasonable doubt but "whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (citation omitted);  *see also Bishop v. Kelso*, 914 F.2d 1468, 1470 (11th Cir. 1990).

Because jurors are free to evaluate the credibility of testimony and the weight of the evidence, the court should assume that all conflicting inferences were

resolved against the defendant. *Wilcox v. Ford*, 813 F.2d 1140, 1143 (11th Cir. 1987); *Martin v. State of Alabama*, 730 F.2d 721, 724 (11th Cir. 1984) (holding that where there are conflicting inferences and disputes exist, this court must presume that the jury resolved such conflicts in favor of the prosecution, and must defer to that resolution). Moreover, the evidence need not rule out every theory except that which signifies guilt beyond a reasonable doubt; "[t]he simple fact that the evidence gives some support to the defendant's theory of innocence does not warrant the grant of habeas relief." *Wilcox*, 813 F.2d at 1143; *accord, Carter v. Montgomery*, 769 F.2d 1537, 1542 (11th Cir. 1985) (it is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt.).

The sufficiency of the evidence is determined by reference to the substantive elements of the offense as defined by state law. *Wilcox* at 1143 ("it is necessary to refer to the essential elements of the crimes as defined by state law" (citing *Jackson*) (other citations omitted)). There are two reasons why petitioner's claim should be denied. First, other than claiming that he was convicted on circumstantial evidence and the testimony of a hardened criminal, petitioner has offered nothing in support of his claim. This court will not "'blindly accept speculative and inconcrete claims . . . .'" *Raulerson v. Wainwright*, 753 F.2d 869, 876 (11th Cir. 1985) (quoting *Baldwin v. Blackburn*, 653f2d942, 947 (5th Cir. 1981)). Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value. *Woodard v. Beto*, 447 F.2d 103 (5th Cir. 1971).[8] Thus, "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding. *United States v. Jones*, 614 F.2d 80 (5th Cir. 1980).

---

[8] Decisions of the United States Court of Appeals for the Fifth Circuit decided prior to September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. Pritchard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

**The second reason that this claim fails is that the record totally refutes it. Even a cursory review of the evidence presented at trial shows, overwhelmingly, that petitioner and Robinson conspired to take revenge on the minor victim. The fact that the state's star witness was a nine-time convicted felon, and was cooperating to avoid being charged with the same crimes as petitioner, were factors for the jury to consider. Robinson's testimony was strongly supported by documentary evidence, which included petitioner's fingerprints, together with a clear motive. Counsel argued that the documentary evidence, because it was written in jailhouse code, should have been interpreted as dealing with some other subject, but the jury was well within its rights to find petitioner guilty on this evidence.**

**Accordingly, it is respectfully RECOMMENDED that the Title 28 U.S.C. § 2254 amended petition for writ of habeas corpus (doc. 10), challenging the conviction and sentence in *State of Florida v. Douglas Welles* in the Circuit Court of Liberty County, Florida, case no. 01-23, be DENIED, that this cause be DISMISSED, and that the clerk be directed to close the file.**

**At Pensacola, Florida, this 10th day of September, 2007.**

/s/ *Miles Davis*
   **MILES DAVIS**
   **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 4:06cv158/MP/MD*